# Judge Pauley

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------- x

KEVIN CARROLL

Plaintiff,

-against-

DEPARTMENT OF CORRECTIONAL SERVICES
COMMISSIONER BRIAN FISHER, SUPT. OF SING
SING CORRECTIONAL FACILITY, LUIS R.
MARSHALL, CORRECTION OFFICER G. PACHECO,
CORRECTION OFFICER K. SALTERS,

Defendants.

------------------------------------------------------------------- x

COMPLAINT AND
JURY DEMAND

Docket #

ECF CASE

RECEIVED
JUN 0 5 2008
U.S.D.C. S.D. N.Y.
CASHIERS

## PRELIMINARY STATEMENT

1.    This is a civil rights action in which plaintiff seeks relief for the violation of his rights secured by 42 USC §§1983, 1988 and Fourth, Eighth and Fourteenth Amendments and the laws and Constitution of the State of New York.

2.    The claim arises from defendants' assault, battery and subjection of plaintiff to excessive force on April 1, 2007.  Defendants, acting under color of state law, intentionally and willfully subjected plaintiffs to, among other things, excessive force, assault, and battery.

3.    Plaintiff seeks monetary damages (special, compensatory, and punitive) against defendants, as well as an award of costs and attorneys' fees, and such other and further relief as the Court deems just and proper.

## JURISDICTION

4.    This action is brought pursuant to 28 USC §1331 and 42 USC §1983.  Pendent party jurisdiction and supplementary jurisdiction over plaintiffs' state law claims are asserted.

5.    The amount in controversy exceeds $75,000.00 excluding interest and costs.

6.    Venue is laid within the United States District Court for the Southern District of New York in that Defendants from Sing Sing Correctional Facility are located within and a substantial part of the events giving rise to the claim occurred within the boundaries of the Southern District of New York.

## PARTIES

7.    Plaintiff, Mr. Kevin Carroll ("Mr. Carroll") is a citizen of the United States and at all times here relevant, was domiciled in Westchester County, State of New York.  He was a sentenced inmate at the time of the incident in the custody of the New York State Department of Correctional Services ("DOCS") and was being held at Sing Sing Correctional Facility ("Sing Sing") in Ossining, New York, which is located in Westchester County.  Currently, Mr. Carroll is incarcerated at Auburn Correctional Facility.

8.    Defendant Brian Fisher ("Fisher") was, as of March 12, 2007, the Commissioner of DOCS, and, as such, was a policy maker with respect to choosing which healthcare professionals to service the jails and other facilities in DOCS.  On information and belief, Commissioner Fisher was responsible for the policy, practice, supervision, implementation, and conduct of all DOCS matters, including supervision over the performance by healthcare providers, including the defendants here referenced. Commissioner Fisher is also responsible for the care, custody, and control of all inmates housed in the DOCS jails. As Commissioner, Fisher was provided with reports of the medical care provided to inmates by the healthcare providers.  Defendant Brian Fisher is sued in his individual capacity.

9.    DOCS Superintendent Luis R. Marshall ("Marshall") was at all times here relevant the Superintendent of Sing Sing, and as such was the supervisor of defendants Correction Officer G.

2

Pacheco, K. Salters, C. Gamble and Sgt. Lansing. Marshall is sued in his individual capacity.

10. Correction Officer G. Pacheco was, at all times here relevant, a correction officer employed by the DOCS and stationed at Sing Sing Correctional Facility. Correction Officer G. Pacheco is sued in his individual capacity.

11. Correction Officer K. Salters was, at all times here relevant, a correction officer employed by the DOCS and stationed at Sing Sing Correctional Facility. Correction Officer K. Salters is sued in his individual capacity.

12. All other individual defendants are employees of D.O.C.S. and are sued in their individual capacities.

13. At all times defendants were acting under color of state law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the State of New York.

## NOTICE OF INTENT TO SUE

14. Within 90 days of the events giving rise to this claim, plaintiff filed written notice of intent to sue with the New York Attorney General's office. Over 30 days have elapsed since the filing of that notice, and this matter has not been settled or otherwise disposed of.

## JOINT LIABILITY

15. This action falls within one or more of the exceptions set forth in CPLR §1602.

## EXHAUSTIAN OF REMEDIES

16. Plaintiff filed grievances on April 10, 2007.

17. Plaintiff's grievance was denied by Superintendent Luis Marshall on May 15, 2007.

18. Plaintiff appealed the Superintendent's denial on May 16, 2007.

19. Plaintiff's appeal was denied by the Inmate Grievance Program Central Office Review Committee on June 13, 2007.

## FACTUAL ALLEGATIONS

20.     On or about April 1, 2007, at approximately 5:45 P.M., Mr. Carroll was incarcerated in Sing Sing in Westchester County, New York, when defendants Pacheco and Salters initially assaulted, battered, and subjected Mr. Carroll to excessive force for no penological purpose.

21.     Mr. Carroll sustained several injuries, including a laceration to his ear lobe that required sutures, and had to be taken to the Emergency Room at Mount Vernon Hospital for medical treatment.

22.     Officer G. Pacheco, with false statements, issued a disciplinary ticket to Mr. Carroll for "Violent Conduct", "Assault on Staff", and "Out of Place." All charges were dismissed on April 23, 2007.

23.     At all times during the events described above, the Corrections Officers were engaged in a joint venture. The individual officers assisted each other in performing the various actions described and lent their physical presence and support and the authority of their office to each other during said events. They failed to intervene in the obviously illegal actions of their fellow officers against plaintiff.

24.     During all of the events above described, defendants acted maliciously and with intent to injure plaintiff.

## DAMAGES

25.     As a direct and proximate result of defendants' actions, plaintiff suffered the following injuries and damages:

    a.  Violation of his right to Due Process of Law under the Fourteenth Amendment to the United States Constitution;

    b.  Violation of his rights under the Eighth Amendment to the United States

4

Constitution to be free from cruel and unusual punishment;

   c.  Violation of his New York State Constitutional right under Article 1, Section 6 to Due Process of Law;

   d.  Violation of his New York State Constitutional rights under Article 1, Section 12;

   e.  Violation of his New York State Constitutional right under Article 1, Section 5 to be free of Cruel and Unusual Punishment;

   f.  Physical pain and suffering;

   g.  Emotional trauma and suffering, including fear, emotional distress, frustration, extreme inconvenience, and anxiety.

## FIRST CAUSE OF ACTION
### (42 USC § 1983)

26.   The above paragraphs are here incorporated by reference.

27.   Defendants have deprived plaintiff of his civil, constitutional and statutory rights under color of law and have conspired to deprive him of such rights and are liable to plaintiff under 42 USC § 1983.

28.   Defendants' conduct deprived plaintiff of his right to due process of law, pursuant to the Eighth and Fourteenth Amendment of the United States Constitution.

29.   Plaintiff has been damaged as a result of defendants' wrongful acts.

## SECOND CAUSE OF ACTION
### (ASSAULT)

30.   The above paragraphs are here incorporated by reference.

31.   By approaching plaintiff, defendants made plaintiff fear for his physical well-being and safety and placed him in apprehension of immediate harmful and/or offensive touching.

5

32.  Defendants have deprived plaintiff of his civil, constitutional and statutory rights and have conspired to deprive him of such rights and are liable to plaintiffs under common law, 42 USC §1983 and New York State laws and Constitution.

33.  Plaintiff was damaged by defendants' assault.

## THIRD CAUSE OF ACTION
(BATTERY)

34.  The above paragraphs are here incorporated by reference.

35.  Defendants engaged in and subjected plaintiff to immediate harmful and/or offensive touching and battered them.

36.  Defendants used excessive and unnecessary force with plaintiff.

37.  Defendants have deprived plaintiff of his civil, constitutional and statutory rights and have conspired to deprive him of such rights and are liable to plaintiffs under common law, 42 USC §1983 and the New York State Constitution.

38.  Plaintiff was damaged defendant's battery.

## FOURTH CAUSE OF ACTION
(CONSTITUTIONAL TORT)

39.  All preceding paragraphs are here incorporated by reference.

40.  Defendants, acting under color of law, violated plaintiff's rights pursuant to §§5, 6 and 12 of the New York State Constitution.

41.  A damages remedy here is necessary to effectuate the purposes of §§ 5, 6 and 12 of the New York State Constitution, and appropriate to ensure full realization of plaintiff's rights under those sections.

## FIFTH CAUSE OF ACTION
(NEGLIGENCE)

42.  All preceding paragraphs are here incorporated by reference.

06/09/2008 15:22 IFAX astoll@nyc.rr.com → Nikki Sherrod ☒ 006/009

43.   Defendants had a duty to plaintiff to use reasonable care in making physical contact with his person.

44.   Defendants breached that duty by subjecting plaintiff to excessive force.

45.   Defendants' failure to use reasonable care in making physical contact with plaintiff's person and in subjecting him to excessive force resulted in serious physical injury.

46.   Plaintiff was seriously injured as a result of defendants' negligence.

## SIXTH CAUSE OF ACTION
### (NEGLIGENT HIRING & RETENTION)

47.   The above paragraphs are here incorporated by reference.

48.   Defendant knew or should have known of facts that would have led reasonable and prudent people to further investigate the individual defendants' negligent dispositions through the hiring process.

49.   Defendant Fisher knew or should have known that their failure to investigate defendants' negligent dispositions would lead to plaintiff's injury.

50.   Defendant Fisher were negligent in their hiring and retaining the medical providers involved in this case in that they knew or should have known of the defendants' propensity to act negligently.

51.   Defendant Fisher have deprived plaintiff of his civil, constitutional and statutory rights and have conspired to deprive him of such rights and are liable to plaintiff under common law, 42 USC §1983 and the New York State Constitution.

## SEVENTH CAUSE OF ACTION
### (CONSPIRACY)

52.   The above paragraphs are here incorporated by reference.

53.   Defendant correction officers made an agreement to attempt to cover up the assault,

7

battery and excessive force against plaintiff.

54.   Defendant Correction Officer Pacheco took action in furtherance of this agreement by writing a false infraction report against plaintiff.

55.   Defendant Correction Officers Salters, Lansing, and Gamble took action in furtherance of this agreement by making false statements to Captain Lamanna, who investigated plaintiff's grievance.

1.   Plaintiff was injured as a result of defendants' conspiracy.

WHEREFORE, plaintiff demands judgment against the defendants, jointly and severally, as follows:

A.   In favor of plaintiff in an amount to be determined by a jury for each of plaintiff's causes of action;

B.   Awarding plaintiff punitive damages in an amount to be determined by a jury;

C.   Awarding plaintiff reasonable attorneys' fees, costs and disbursements of this action; and

D.   Granting such other and further relief as this Court deems just and proper.

**JURY DEMAND**

Plaintiff demands a trial by jury.

DATED:   Brooklyn, New York
         May 30, 2008

TO:

Department Of Correctional Services
Commissioner Brian Fisher
NYS Department of Correctional Services
Building 2
1220 Washington Ave
Albany, New York 12226-2050

Yours, etc.,

Cynthia Conti-Cook
Bar #CC0778
Attorney for Plaintiff
71 Nevins Street
Brooklyn, NY 11217

Superintendent Luis R. Marshall
Sing Sing Correctional Facility
354 Hunter St
Ossining NY 10562-5442

Correction Officer G. Pacheco
Sing Sing Correctional Facility
354 Hunter St
Ossining NY 10562-5442

Correction Officer K. Salters
Sing Sing Correctional Facility
354 Hunter St
Ossining NY 10562-5442

(718) 852-3710
cynthiaconticook@gmail.com

9